UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adolfo Gutierrez Avila, Jr., | Case No. 22-cv-3180 (NEB/DLM) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Paul Schnell, Vicki Janssen, Jeanette Wilson, Jessica Olson, and Tina Sneen, being sued in their individual capacities, | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff Adolfo Gutierrez Avila, Jr.'s Motion to Amend the Complaint, for Class Action Certification, and to Appoint Counsel. (Doc. 34.) In his Motion, Mr. Avila argues that he needs to amend his Complaint to include class allegations and seeks to have the matter certified as a class action. (*Id.* at 2.) He also contends that because the case involves complicated legal issues, counsel should be appointed to represent the proposed class. (*Id.*) Defendants do not oppose Mr. Avila's Motion to Amend his Complaint, but oppose his Motion for Class Action Certification and to Appoint Counsel. (Doc. 122.) The Court denies Mr. Avila's Motion to Amend the Complaint as moot because his amended complaint is timely and appropriate under the Federal Rules of Civil Procedure and needs no motion. The Court further recommends that Mr. Avila's Motion for Class Action Certification be denied without prejudice, and denies his Motion to Appoint Counsel, also without prejudice.

## BACKGROUND

Mr. Avila filed this prisoner civil rights action under 42 U.S.C. § 1983 on December 27, 2022, alleging that five Minnesota Department of Corrections ("DOC") prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment while imprisoned. (Doc. 1 at 7.) *See also* U.S. Const. amend VIII. He alleges that during the COVID-19 pandemic, the DOC Defendants acted with deliberate indifference to his health and safety by their practice "of intentionally, incorrectly applying quarantine measures to Minnesota inmates (inmate Avila) so to overcome the covid-19 outbreaks faster." (*Id.*)

In his tripartite Motion before the Court, Plaintiff now makes the same allegations on behalf of 44 other inmates, and asks the Court to permit him to amend his Complaint accordingly, to certify his action as a class action, and to appoint the class counsel. The Court will consider each portion of Mr. Avila's Motion in turn below.

### I.  Plaintiff's Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 sets out the rules governing amendments of pleadings. *See* Fed. R. Civ. P. 15. Relevant here, the Rule states that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or . . . a motion under Rule 12 . . . ." Fed. R. Civ. P. 15(a)(1). Mr. Avila proposes to file a first amended complaint in his Motion. The DOC Defendants filed a Motion to Dismiss on June 12, 2023. (Doc. 24). As such, under Rule 15(a)(1), Mr. Avila had 21 days from June 12—or until the first business day following

July 3, 2023, plus another three days[1]—to file a first amended complaint "as a matter of course" without seeking leave of Court or the agreement of the opposing party. Mr. Avila filed his Motion seeking permission to file a first amended complaint on July 5, the first business day following the July 3 deadline. Additionally, he signed and dated his Motion on June 22, 2023, and mailed it some time before the Court's July 5 receipt of the Motion. (*See* Doc 34 at 2.) Therefore, Mr. Avila's filing of an amended complaint is timely under Rules 6 and 15, and he need not move to seek leave to file it. In their response to Plaintiff's Motion, Defendants agree that Mr. Avila can timely file of his First Amended Complaint based on Rules 6 and 15. The Court finds that Mr. Avila's Motion is thus moot, denies it as such, and orders Mr. Avila to file a clean copy of his First Amended Complaint within 14 days of this Order for procedural clarity on this case's docket.

## II.     Plaintiff's Motion for Class Action Certification

Mr. Avila's Motion for Class Action Certification has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Class actions are intended to conserve the resources of the court and the parties by allowing a claim that may affect

---

[1] The District Court in Minnesota observed a holiday closure on July 3 and 4, 2023, for the July 4 holiday. *See* Fed. R. Civ. P. 6(a)(3) (stating that if the Clerk's Office is inaccessible due to a holiday closure, "then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]" Additionally, Federal Rule of Civil Procedure 6(d) allows that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."

every class member to be litigated economically. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). Rule 23 of the Federal Rules of Civil Procedure governs whether an action should be certified as a class action. The Rule states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).

The timing for certifying a class varies in each case. Courts have held that there are some cases in which the propriety of certification is clear from the pleadings, but that in most cases some discovery is necessary to allow a court to settle whether class certification is appropriate. *See Falcon*, 457 U.S. at 160; *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977). Rule 23(c) was amended in 2003 to afford parties more time for discovery before a court's determination on the propriety of class certification. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018) (noting that the 2003 amendments "raised the standard for certifying a class from an early, conditional ruling to a later, relatively final decision" and "expand[ed] the opportunity for parties to engage in discovery prior to moving for class certification") (quoting Willging & Lee, *From Class Actions to Multidistrict Consolidations: Aggregate Mass-Tort Litigation after* Ortiz, 58 U. Kan. L. Rev. 775, 785 (2010)).

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Falcon*, 457 U.S. at 161; *see also Wal-Mart Stores, Inc. v. Duke*, 564 U.S. 338, 350–51 (2011). A plaintiff bears the burden of showing that a class should be certified and thus that the requirements of Rule

4

23 have been met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Those requirements include proving that (1) the class is so numerous that joinder is impracticable; (2) there are common questions of law and fact across the class; (3) the claims and defenses of representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

At this time based on the pleadings before it, the Court finds that it is unable to conduct the rigorous analysis necessary to make a recommendation on whether Mr. Avila's claims can be resolved on a class-wide basis. While Mr. Avila's claims may indeed be suitable for class-wide resolution, the Court concludes that fact discovery is necessary to determine whether Rule 23's requirements can be satisfied in this case. *See Keech v. Sanimax USA, LLC*, No. 18-cv-683 (JRT/HB), 2019 WL 79005, at *5 (D. Minn. Jan. 2, 2019) ("Without discovery in this case, the Court cannot undertake the rigorous analysis required of the class allegations."); *Jonathan Small & Jotmar, Inc. v. Target Corp.*, No. 13-cv-1509 (RHK/JJK), 2013 WL 12142545, at *1 (D. Minn. Aug. 23, 2019) (denying motion for class certification because discovery had yet to occur); *Goyette v. City of Minneapolis*, No. 20-cv-1302 (WMW/DTS), 2020 WL 3056705, at *5 (D. Minn. June 9, 2020) (same). Therefore, the Court recommends that Mr. Avila's Motion to Certify a Class be denied without prejudice as premature. Should Plaintiff's First Amended Complaint survive Defendants' pending Rule 12 Motion (Doc. 115), the Court will set a pretrial schedule for all pretrial matters, including the timing for any class certification motions practice.

### III. Plaintiff's Motion to Appoint Counsel

Finally, Mr. Avila moves for the appointment of counsel, arguing that "[c]ounsel is needed for cross-examination and expert testimony for the legal issues are complicated. This case requires investigating that plaintiff cannot do because of his imprisonment. Plaintiff cannot afford counsel. And the law requires an attorney to proceed on a class basis." (Doc. 34 at 2.)

While the Court recognizes Plaintiff's position and arguments, plaintiffs in civil proceedings do not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Instead, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5 (D. Minn. Aug. 6, 2020) (quoting *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982)). Before appointing counsel, a court must satisfy itself that an indigent plaintiff has made a good faith attempt to retain counsel without success. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Then the court should determine whether the plaintiff and the court would benefit from the assistance of counsel. *Id.* Relevant factors in determining whether appointing counsel is appropriate include "the factual complexity of the case, the ability of the indigent [party] to investigate the facts, the existence of conflicting testimony, the ability of the indigent [party] to present [their] claim and the complexity of the legal

6

issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)).

Here, as a threshold matter, there is no record that Mr. Avila sought counsel and did not succeed. Therefore, the Court cannot be satisfied that he made a good faith attempt to retain counsel. Moreover, while he argues that the legal issues are complicated in a class action, no class has yet been certified. Indeed, the Court has found above that such certification would be premature until discovery has been conducted. For all these reasons, the Court concludes that appointment of counsel is not warranted at this time.

## ORDER

Based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1) Plaintiff Adolfo Gutierrez Avila, Jr.'s Motion to Amend the Complaint (Doc. 34) is **DENIED AS MOOT**;

2) Mr. Avila's Motion to Appoint Counsel (Doc. 34) is **DENIED WITHOUT PREJUDICE**;

3) Mr. Avila must file a clean copy of his First Amended Complaint within 14 days of this Order;

4) Mr. Avila's request in his Letter to Magistrate Judge (Doc. 114) for an extension to respond to Defendants' Motion to Dismiss his superseded original Complaint is **DENIED AS MOOT**; and

5) After Plaintiff files his First Amended Complaint, Defendants must either withdraw their mooted Motion to Dismiss (Doc. 24) the superseded original Complaint, or must notify the Court in writing of any reason that their first Motion to Dismiss should not be withdrawn.

## RECOMMENDATION

Additionally, based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that Plaintiff Adolfo Gutierrez Avila, Jr.'s Motion for Class Action Certification (Doc. 34) be **DENIED WITHOUT PREJUDICE** as premature.

Date: July 24, 2023                              *s/Douglas L. Micko*
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** The portion of this document that is a Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).