UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADOLFO GUTIERREZ AVILA, JR., | Case No. 22-CV-3180 (NEB/DLM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL SCHNELL, VICKI JANSSEN, JEANETTE WILSON, JESSICA OLSON, and TINA SNEEN, being sued in their individual capacities, | |
| Defendants. | |

*Pro se* plaintiff Adolfo Gutierrez Avila, Jr., brought claims under 42 U.S.C. Section 1983 against several defendants for Eighth Amendment violations while he was in the custody of the Minnesota Department of Corrections. After Defendants moved to dismiss the first amended complaint, Avila sought to further amend the complaint. In a Report and Recommendation, United States Magistrate Judge Douglas L. Micko recommends denying Avila's motion to further amend the complaint as futile, granting the motion to dismiss, and dismissing the action with prejudice. (ECF No. 153 ("R&R").) Judge Micko also denied Avila's motion to appoint counsel. (ECF No. 152.) Avila objects to the R&R and appeals the order denying his motion to appoint counsel. (ECF No. 154 ("Obj.").) For the reasons below, the Court overrules the objection, accepts the R&R, grants the motion to dismiss, and affirms the denial of the motion to appoint counsel.

**ANALYSIS**

**I.     Background**

The R&R provides a thorough factual and procedural background of this case. (R&R at 3–8.[1]) Avila does not object to its recitations of fact, and so the Court incorporates them into this order.

**II.    Objections to the R&R**

The Court reviews the portions of the R&R to which Avila objects *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Avila proceeds *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Avila objects to the R&R's recommendation to deny his motion to amend the complaint and grant Defendants' motion to dismiss. "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, there is no absolute right to amend." *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650–51 (8th Cir. 1996) (citations omitted). Denial of leave to amend may be justified based on futility of the amendment. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Where, as here, amendment is opposed based on futility, the Court must determine whether the proposed claims state a claim for relief, *i.e.*, whether they could withstand a motion to dismiss. *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010); *see* D. Minn. LR 72.2(a)(3)(B) ("When a motion to amend a pleading is opposed on grounds of futility and a party seeks

---

[1] Page citations to the record refer to ECF pagination unless otherwise noted.

review of the magistrate judge's determination of the issue of futility, the district court will review the futility determination de novo.").

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). In considering a Rule12(b)(6) motion, the Court accepts as true all factual allegations and views them in the light most favorable to the non-moving party. *Thompson v. Harrie*, 59 F.4th 923, 926 (8th Cir. 2023).

Avila raises three objections to the R&R's recommendation to deny the motion to amend the complaint and grant the motion to dismiss. The Court addresses each in turn.

A.    *Personal Involvement*

Avila objects to the R&R's conclusion that the complaint "is sufficient—as a matter of pleading—to demonstrate Commissioner Schnell's involvement in the alleged unconstitutional conduct." (Obj. at 2, 4 (citing R&R at 12).) It is unclear why Avila objects to this conclusion, as it favors Avila. Regardless, the Court has reviewed the issue *de novo* and agrees that Avila's proposed second amended complaint sufficiently pleads Commissioner Schnell's involvement in alleged unconstitutional conduct. Avila alleges

3

that Schnell issued a direct order for prisons to implement "stay with unit" plans, despite knowing the risks of COVID, and that Avila contracted COVID-19 because of the "stay with unit" plans. (ECF No. 133 ("Prop. 2d Am. Compl.") at 8–9, 12–13); *see Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (citation omitted)).

### B. Eighth Amendment Claim

Avila objects to the R&R's conclusion that he "has done enough to demonstrate a viable Eighth Amendment claim related to being forced to share a small cell with a known COVID-19 positive cellmate" under failure-to-protect and deliberate-indifference-to-medical-needs theories. (Obj. at 2, 5 (citing R&R at 18).) Again, Avila prevailed on this issue but objects, explaining that he intended to assert a conditions-of-confinement claim. (*Id.; see* R&R at 15 (noting that Avila's Eighth Amendment theory was "not entirely clear").)

Even accepting that Avila intended to allege a conditions-of-confinement claim, he must show (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the prison official whose action or omission caused the deprivation behaved with "deliberate indifference to inmate health or safety." *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (citation omitted). The Eighth Amendment theories addressed in the R&R

also require deliberate indifference. *See Saylor v. Nebraska*, 812 F.3d 637, 643–44 (8th Cir. 2016) (medical-needs claim); *Bordeaux v. Bicknase*, 76 F.4th 780, 784 (8th Cir. 2023) (failure-to-protect). Deliberate indifference is "akin to criminal recklessness." *Saylor*, 812 F.3d at 644 (citations omitted).

Avila's allegations that being housed in a cell with an inmate who has tested positive for the "highly contagious and potentially deadly" COVID-19 disease adequately plead the objective element of a conditions-of-confinement claim. (Prop. 2d Am. Compl. at 7; *see id.* at 12–13; R&R at 16 (collecting cases supporting that COVID-19 poses an objectively-serious medical risk)); *Mohammed S. v. Tritten*, No. 20-CV-793 (NEB/ECW), 2020 WL 2750836, at *22 (D. Minn. Apr. 28, 2020) ("With respect to the objective prong, the available evidence establishes that COVID-19 is a highly communicable disease that presents a potentially mortal risk . . . ."), *report and recommendation adopted*, 2020 WL 2750109 (D. Minn. May 27, 2020).

Turning to the subjective element of deliberate indifference, which was addressed in the R&R, the question is whether Schnell's response to the COVID-19 pandemic—the "stay with unit" plans—was deliberately indifferent to Avila's health or safety. Avila acknowledges that Schnell's "stay with unit" plans were to provide living unit separation and "minimize the potential for widespread outbreaks across entire facilities," but alleges that Schnell's "direct order to 'stay with unit'" created "the perfect incubator to guarantee the spread of the COVID-19 virus to all inmates living in the unit." (Prop. 2d Am. Compl.

5

at 8.) Avila alleges that under the "stay with unit" plans, he was not separated from COVID-19-positive cellmates whom Defendants knew had tested positive. (*Id.* at 8–9, 12–13.) Courts in other circuits have found a conditions-of-confinement claim to be stated where prison officers knowingly housed an uninfected plaintiff with inmates who had tested positive for COVID-19. *See Fountain v. Hamilton*, No. 22-4055, 2023 WL 7354574, at *2 (C.D. Ill. Nov. 7, 2023) (denying a motion to dismiss conditions-of-confinement claim based on deliberate indifference to a serious threat to the inmate's health and safety where the defendants "knowingly housed him with an inmate who had COVID"); *Brummett v. Allison*, No. 1:22-CV-00407-ADA-BAM (PC), 2022 WL 17904397, at *10 (E.D. Cal. Dec. 23, 2022) (finding that plaintiff stated a cognizable conditions-of-confinement claim for knowingly housing a COVID-19 positive inmate in the same cell as plaintiff for four days), *report and recommendation adopted*, 2023 WL 2024857 (E.D. Cal. Feb. 15, 2023); *Gadson v. Macauley*, No. 1:21-CV-398, 2021 WL 4236862, at *3 (W.D. Mich. Sept. 16, 2021) (concluding that allegations that defendants knowingly exposed plaintiff to COVID-19 positive inmates when they knew plaintiff was not infected, and that this resulted in him contracting COVID-19, stated Eighth Amendment claims).

Construing the factual allegations in Avila's favor, as the Court must, Avila's allegations that under Schnell's "stay with unit" plans, Defendants knowingly housed Avila in the same cell as inmates who tested positive for COVID-19 sufficiently alleges a

conditions-of-confinement claim. But, regardless of the basis of Avila's Eighth Amendment claim, the claim is barred by qualified immunity for the reasons below.

### C. Qualified Immunity

Avila objects to the R&R's conclusion that even if his claims could otherwise proceed, "qualified immunity shields all defendants from liability." (R&R at 18; *see* Obj. at 2, 6–8.) Qualified immunity shields government officials from liability for civil damages when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Blazek v. City of Iowa City*, 761 F.3d 920, 922 (8th Cir. 2014) (citation omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (citation omitted). The issue can be resolved at the motion to dismiss stage, but dismissal under Rule 12(b)(6) is only appropriate "when the immunity is established on the face of the complaint." *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005) (citing *Whisman ex rel. Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997)).

To overcome a claim of qualified immunity, Avila "must establish that (1) the facts alleged in the complaint make out a constitutional violation and (2) that the right violated was 'clearly established.'" *Hamner v. Burls*, 937 F.3d 1171, 1176 (8th Cir. 2019) (citation omitted). The "salient question" is whether the law at the time of the alleged violation

gave Defendants "fair warning" that their conduct was unconstitutional. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

"For a right to be 'clearly established,' the law must have been sufficiently clear, at the time of the official's conduct, to put every reasonable official on notice that what he was doing violated that right." *Hamner*, 937 F.3d at 1177. Avila "need not cite 'a case directly on point,' but 'controlling authority' or 'a robust "consensus of cases of persuasive authority"' must have put 'the statutory or constitutional question beyond debate' as of the date of the alleged violation." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42 (2011)). To defeat qualified immunity, "the clearly established law must be particularized to the facts of the case" and not "defined at a high level of generality." *Id.* at 1179 (citing *White v. Pauly*, 580 U.S. 73, 79 (2017)).

Avila alleges that he contracted COVID-19 from cellmates who tested positive for COVID-19 in November 2020 and February 2022 because of Schnell's "stay with unit" plans, (Prop. 2d Am. Compl. at 13), and that "Schnell violated well-established law to the particular facts to this case that [] Schnell knew of and disregarded an 'excessive risk to inmate safety.'" (*Id.* at 11.) Avila points to Supreme Court cases to assert that the law was well-established. (Obj. at 6–7); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (holding that prison authorities may not be deliberately indifferent to conditions of confinement that expose inmates to a serious, communicable disease); *Hutto v. Finney*, 437 U.S. 678, 682–83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed

prisoners, some of whom had infectious diseases, in crowded cells); *see also Valentine v. Collier*, 141 S. Ct. 57, 60 (2020) (dissenting, Sotomayor, J.) ("[T]he dangers of COVID–19 to these especially vulnerable inmates [of a geriatric prison] were undisputed and, indeed, 'indisputable.'").

Avila's claims are based on Schnell's implementation of "stay with unit" plans—plans that were implemented to minimize the spread of COVID-19. (Prop. Am. Compl. at 7–9, 12–13.) Courts in the Eighth Circuit have found qualified immunity for prison officials who implemented COVID-19 protocols. *See, e.g., McCollum v. Titus*, No. 21-CV-1774 (NEB/JFD), 2023 WL 3822544, at *6 (D. Minn. May 3, 2023) (finding qualified immunity for prison officials who implemented COVID-19 protocols), *report and recommendation accepted*, 2023 WL 3821566 (D. Minn. June 5, 2023); *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2022 WL 1110981, at *18 (D. Minn. Jan. 31, 2022) (finding qualified immunity for prison officials because plaintiff failed to state Eighth Amendment claims based on defendants' inadequate response to COVID-19), *report and recommendation adopted*, 2022 WL 766402 (D. Minn. Mar. 14, 2022), *aff'd*, No. 22-2115, 2022 WL 17228817 (8th Cir. July 29, 2022); *see also Harmon v. Harris*, No. 4:22-CV-00716 BRW-ERE, 2023 WL 1767578, at *4 (E.D. Ark. Jan. 10, 2023) ("Courts repeatedly have held that, at or near the time of the alleged violation, there was no clearly established constitutional right to be housed in a Covid-free environment."), *report and recommendation adopted*, 2023

WL 1766482 (E.D. Ark. Feb. 3, 2023), *aff'd*, No. 23-1371, 2023 WL 5499595 (8th Cir. May 15, 2023).

The R&R explained that "[t]he Court cannot conclude that the specific conduct that Mr. Avila attacks here—being in a cell with a COVID-19 positive cellmate—was so clearly unconstitutional that 'every reasonable official' would know." (R&R at 18–19 (citation omitted).) The Court agrees. The COVID-19 pandemic was novel and the health response within and without the prison walls evolved as more facts emerged. This is exactly the type of situation that calls for the discretion afforded public officials under the doctrine of qualified immunity.

Having reviewed the R&R *de novo*, the Court agrees that Defendants are entitled to qualified immunity on Avila's Eighth Amendment claim. Thus, the Court overrules Avila's objection and accepts the R&R's recommendation to deny Avila's motion for leave to file the proposed second amended complaint and grant Defendants' motion to dismiss.

### III. Appeal of Order Denying Motion to Appoint Counsel

Lastly, Avila appeals Judge Micko's order denying Avila's renewed motion to appoint counsel. (Obj. at 3.) The Court's review of a magistrate judge's ruling on a non-dispositive issue is "extremely deferential." *Smith v. Bradley Pizza Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (citation omitted), *aff'd*, 821 F. App'x 656 (8th Cir. 2020). The Court will only disturb such a ruling if it is clearly erroneous or contrary to law. 28 U.S.C.

§ 636 (b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Given the appropriateness of a dismissal and the absence of a right to counsel in civil actions, the Court affirms the order. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Avila's Objection (ECF No. 154) is OVERRULED;

2. The Report and Recommendation (ECF No. 153) is ACCEPTED;

3. Avila's motion to further amend the complaint (ECF Nos. 133–34) is DENIED;

4. Defendants' motion to dismiss the first amended complaint (ECF No. 115) is GRANTED;

5. This action is DISMISSED WITH PREJUDICE; and

6. The Order denying Avila's motion to appoint counsel (ECF No. 152) is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 28, 2024                                    BY THE COURT:

                                                         s/Nancy E. Brasel
                                                         Nancy E. Brasel
                                                         United States District Judge